## Buchanan et al. v. Anderson.

Jan. 22, 1943.

Hubert Meredith, Attorney General, Owen Keller, Assistant Attorney General, and James Park, Commonwealth Attorney, for appellants.

Frank R. Cahill for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Robert H. Anderson, convicted of murder in the Fayette Circuit Court, Anderson v. Commonwealth, 291 Ky. 727, 166 S. W. (2d) 30, filed a petition in the Jefferson Circuit Court alleging that he is a resident of that county and seeking an order permitting the depositions of Thomas Penney and Raymond S. Baxter to be taken on notice for perpetuation of their evidence in accordance with the provisions of Sec. 610 et seq., Civil Code of Practice. The Warden of the penitentiary, in which the petitioner and the proposed witnesses were confined, the Attorney General, and the Commonwealth's Attorney of the judicial district composed of Fayette County were made defendants and respondents. The substance of the petition is that the petitioner Anderson, Penney and Baxter are under sentence of death, to be imposed on all of them on January 22, 1943; that he expected and intended to file an action in the proper State or Federal court or courts to have a new trial of the charge upon which he had been convicted through the processes of writs of habeas corpus and coram nobis; that the ground of his action would be that he had been convicted upon the perjured testimony of Penney and Baxter and that he expected to prove that and certain related facts by them; and that it would not be possible to have the benefit of that testimony in his proposed proceedings unless their depositions be taken and preserved. The petitioner prayed that process be served upon the defendants; that they be served with notice to show cause, if any they could, why the testimony of the named proposed witnesses should not be perpetuated; that an order be granted permitting the taking of their depositions upon notice as provided for by the Civil Code of Practice; that when they had been so taken it be decreed that they had been properly and lawfully taken within the purview of

Sec. 610 of the Civil Code of Practice and declared to be properly and lawfully perpetuated for use in any judicial proceeding in which the plaintiff may seek the relief contemplated or otherwise; and within the purview of Sec. 153 of the Criminal Code of Practice relating to the taking and introduction of depositions for use in the trial of a criminal proceeding.

Responsive pleas of the defendants were overruled; the depositions were ordered taken and subsequently perpetuated in accordance with the prayers of the petition. The defendants were present at the taking of the depositions and the witnesses were fully cross examined. The defendants have prayed an appeal from the orders of the court.

As shown in a companion opinion under the same style, Anderson v. Buchanan, 292 Ky. 810, 168 S. W. (2d) 48, the depositions of Penney and Baxter were filed with Anderson's petition in the Fayette Circuit Court seeking the contemplated relief described in this action.

For ready reference, we quote Sec. 610, Civil Code of Practice:

"A person who resides in this State and expects to be a party to an action in a court hereof; or who, being a non-resident of this State, has an interest in real property herein, concerning which he expects to be a party to an action in a court hereof; and who desires to perpetuate the testimony of witnesses, may file, in the circuit court of the county in which he resides, or in which the property is situated, a petition in equity, verified by his affidavit, stating—

"1. That he expects to be a party to an action in a court of this State, and the nature of the expected controversy.

"2. The name, age and place of residence of the expected adverse party, if known by the petitioner; or his ignorance thereof, if not known by him.

"3. That the evidence of witnesses—whose names and the facts, generally, expected to be proved, shall be stated—is believed by the petitioner to be material to him.

"4. The obstacles preventing the commence-

ment of the action or proceeding, if he expects to commence the same.''

The present proceeding seems to be a novel use of those provisions. But the proceeding to obtain the benefit of a writ of coram nobis is a civil action, although partaking of a criminal nature in that its purpose is to have a new trial of a criminal prosecution. Jones v. Commonwealth, 269 Ky. 779, 108 S. W. (2d) 816; Elliott v. Commonwealth, 292 Ky. 614, 167 S. W. (2d) 703; 31 Am. Jur., Judgments, Sec. 799. We think Anderson's petition and the proceedings had thereunder are within the terms and purposes of Sec. 610 et seq., Civil Code of Practice, and that the action of the Circuit Court was proper.

Judgment affirmed.

Whole Court sitting.