# Duff v. Commonwealth.

Feb. 18, 1944.

Thomas & Thomas for appellant.

Hubert Meredith, Attorney General, C. C. Wells, Commonwealth's Attorney pro. tem., and Blanche Mackey, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

This appeal is from a judgment sustaining a demurrer and dismissing a petition for a writ of error coram nobis.

The petition alleged, in substance, that the appellant was sentenced to the penitentiary for life at the September term 1940 of the Perry Circuit Court and was now confined pursuant to the judgment; that "after the time for an appeal * * * had passed and due to no fault of his own he discovered that the jury which rendered the verdict of guilty upon which the judgment and order of the Perry Circuit Court under which he is now confined * * * was based was not selected according to law;" that the selection of the jury and his trial were

regular on their face according to records to which he had access; that subsequently this court, in South v. Com., 287 Ky. 99, 152 S. W. (2d) 295, and other similar cases, held that the jury at the term at which he was tried was not selected according to law.

In South v. Com., supra, we reversed a judgment of conviction of the Perry Circuit Court at the September term 1940 because of irregularities of the jury commissioners in filling the jury wheel and it is the appellant's theory that he is now entitled to take advantage of such irregularities and secure a new trial in a proceeding of this nature although he did not raise the question on his trial.

If we assume, arguendo, that an error of this character might under extraordinary circumstances warrant the issuance of a writ of error coram nobis, it is apparent that the allegations of the petition before us were insufficient. It is essential to the availability of this remedy that the hidden mistake of fact relied upon could not by the exercise of due diligence have been discovered by the applicant in time to have been presented to the court which tried him. Anderson v. Buchanan, 292 Ky. 810, 168 S. W. (2d) 48. The petition does not allege facts showing the exercise of any diligence to discover the so-called hidden error relied upon, the only allegation being that "due to no fault of his own" he learned of the facts afterwards. Mere inquiry of the jury commissioners would have revealed the manner in which the jury was selected, just as it did in the South case. The accused in that case, by exercising ordinary diligence, that is, by inquiring of the jury commissioners, learned of the irregularity in filling the jury wheel in time to take advantage of it on his trial—the appellant could have done the same. At least, it was incumbent upon him to allege facts showing the exercise of due diligence on his part to discover any irregularity in the empanelling of the jury which tried him—this he failed to do.

Viewed realistically, the petition is nothing more than a demand for a new trial because another accused, tried by the same jury, happened to exercise due diligence and discover irregularities in the formation of the jury entitling that accused to a new trial. Clearly, the petition fails to allege facts showing the appellant entitled to the benefit of this extraordinary remedy, the

main function of which is the granting of a new trial where the accused has unknowingly and without neglect on his part been deprived of a defense which would probably have disproved his guilt and prevented a conviction.

Affirmed.