## Walsh v. Commonwealth.

Oct. 9, 1945.

546

James H. Polsgrove for appellant.

Eldon S. Dummit, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HARRIS—Affirming.

Under an indictment charging him with the crime of rape the defendant (appellant) was convicted and sentenced to twenty years' confinement in the penitentiary.

In his motion for a new trial he alleged two grounds: (1) That the verdict is excessive and not sustained by the evidence; (2) that the verdict is contrary to law, in that the Commonwealth failed to prove that the act alleged was committed against the will or without the consent of the prosecutrix, or while she was insensible, as is indispensably required by KRS 435.090. On this appeal he still relies upon those two grounds and, in addition thereto, he complains (3) that his showing with respect to newly discovered evidence was such that the court should have set aside the adverse order which had been entered on his original motion and grounds and have granted him a new trial, regardless of the merits of his original showing.

(1 & 2) The very nature of the crime of rape is such that if the evidence was sufficient to induce in the minds of the jurors a conviction of the defendant's guilt, his argument that a penalty of twenty years is excessive should be rejected summarily.

No; since the court instructed the jury that rape is the carnal knowledge of a woman by force and against her will and consent, and that they could not convict the defendant unless they believed from the evidence, beyond

a reasonable doubt, that with force he unlawfully, feloniously and violently made an assault upon the prosecutrix and did then and there forcibly, unlawfully and feloniously rape her against her will and without her consent, the material and controlling question presented by both grounds (1) and (2) is whether the evidence, when measured by the instructions, is sufficient to induce in the minds of a reasonable minded person a conviction of the appellant's guilt. We are of the opinion that it is.

True the prosecutrix did not say in precise words that the assault was made forcibly, or feloniously, or violently, or against her will, or without her consent, or while she was insensible; but her testimony and that of the taxi driver and the officers, if true—of which the jurors were the sole judges—constituted ample evidence that the defendant did unlawfully, feloniously and violently assault and rape her against her will and without her consent while she was insensible, or by putting her in fear, just as much so as if she had actually used those words in describing the circumstances and nature of the assault.

(3) Some months after the trial the defendant filed a motion, accompanied by affidavits, requesting that the order overruling his motion for a new trial be set aside and that he be granted a new trial upon the further ground of newly discovered evidence. This newly discovered evidence related to certain statements which it was alleged the prosecutrix had made to Robert E. Nicodemus and Dewey Jamison shortly before the trial.

In a most excellent opinion overruling the motion, the trial judge had this to say, among other things:

"The Court, for reasons hereinafter set out, overrules said motion to set aside the order overruling the motion for a new trial. To the certain knowledge of the Court, Lieutenant Robert E. Nicodemus and private Dewey Jamison both attended Court on the date of the trial of the defendant, having voluntarily appeared as friends of the defendant. From the affidavit of Mr. Schwankhaus, Assistant Commonwealth's Attorney, they divulged whatever information they had about the case to him. They likewise discussed the case with him, and told what they knew about the attitude of the prose-

cuting witness at that time. It is difficult to understand why they should have been here purely for the purpose of assisting the defendant, and did tell everything they knew concerning the case to the Commonwealth's Attorney and likewise to the Court, and not give this same information to the defendant or his counsel.''

. He could have added that according to the record and to the defendant's own affidavit all of the alleged newly discovered evidence was discovered by the defendant shortly after the trial and before his original motion and grounds had been overruled or considered. ·

Since proof of the alleged statements by the prosecutrix would not have been competent as substantive evidence, but only for the purposes of contradiction; since the defendant unreasonably procrastinated until after his original motion had been overruled; and since, as implied in the sagacious trial Judge's written opinion, the story related by the defendant's companions is dubious at best, we are not disposed to hold that the order complained of constitutes a reversible error—nor, indeed, any error.

We do not interpret any of the defendant's cited authorities as lacking in harmony or consistency with this opinion, but since they are so numerous (there being 80 of them), we shall not undertake to review them herein.

Judgment affirmed.