## Walsh v. Tuggle, Warden, et al.

October 29, 1946.

James H. Polsgrove for appellant.

Eldon S. Dummit, Attorney General, Guy H. Herdman, Assistant Attorney General, Frank A. Ropke, Commonwealth's Attorney, and Carl C. Ousley, Jr., Assistant Commonwealth's Attorney, for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

This is an appeal from a judgment of the Criminal Division of the Jefferson Circuit Court dismissing appellant's petition for a writ of error coram nobis. Appellant is confined in the Kentucky State Penitentiary under sentence of twenty years, which he received upon his trial on a charge of rape committed upon one Clara Dale. The judgment of conviction was entered October 25, 1944, and was affirmed by this Court in October, 1945. Walsh v. Commonwealth, 300 Ky. 545, 189 S. W. 2d 840.

A writ of error coram nobis is a common law writ whereby one imprisoned upon conviction of a crime may obtain a new trial by producing proof that, at the previous trial, he unknowingly was deprived of a defense which probably would have established his innocence. Anderson v. Buchanan et al., 292 Ky. 810, 168 S. W. 2d 48. But, if the petition for the writ is based on newly discovered evidence, it, as well as any like motion for a new trial, must allege, and the petitioner must prove, facts to show he used due diligence before or upon his former trial to discover the existence of the evidence he offers in support of his petition. Duff v. Commonwealth, 296 Ky. 689, 178 S. W. 2d 191. The ground here urged is newly discovered evidence, which, if presented at the original trial, would have been admissible for the purpose of attacking the credibility of the prosecutrix. The only reason assigned by appellant for not discovering the evidence before his trial is that he was confined in jail in lieu of filling bond; but the record shows that he was ably represented by a competent attorney, and made no endeavor to obtain a continuance of his case for the purpose of procuring additional time to perfect his de-

fense. In other words, at the time of his trial, he was content to rest his case on the facts then at his disposal. If new trials were granted under like and similar circumstances, there would never be an end to the litigation. Despite the fact that appellant has not made a proper showing to justify the Court to review the evidence, we have considered it in its most favorable light to the cause of appellant, and it falls far short of establishing the probability that, if presented at a new trial, it would establish appellant's innocence. The newly discovered evidence is directed mainly, if not solely, to the moral character of the prosecuting witness. Her moral character was in issue at the trial, but only in respect to her credibility as a witness; and the pertinent testimony given by her was corroborated by two police officers and a taxicab driver who voluntarily advised the officers that the crime was being, or was about to be, committed. None of the newly discovered evidence can be said to contradict the facts which, in the mind of the jury, fastened guilt upon appellant. The lower Court did not err in dismissing the petition.

The judgment is affirmed.