## REED v. COMMONWEALTH.

Court of Appeals of Kentucky.

Sept. 25, 1953.

C. Ewbank Tucker, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., A. Scott Hamilton, Commonwealth Atty., Joseph J. Hancock, Asst. Commonwealth Atty., Louisville, for appellee.

WADDILL, Commissioner.

William Thomas Reed was convicted of the murder of Louise Young and the jury fixed his punishment at death. On appeal, the judgment of conviction was affirmed: Reed v. Commonwealth, 312 Ky. 214, 226 S.W.2d 513. A petition for a writ of habeas corpus was filed in the U. S. District Court for the Western District of Kentucky by reason of which the execution, originally set for March 31, 1950, was stayed. The writ was denied by the Federal District Court. The order denying the writ was affirmed on appeal to the U. S. Circuit Court of Appeals, 6th Circuit. Reed v. Buchanan, 6 Cir., 188 F.2d 521. Thereafter, the Governor of Kentucky set the execution date for August 21, 1953.

On August 11, 1953, Reed filed his petition for a writ of error coram nobis in the Jefferson Circuit Court, Criminal Branch, Second Division. The court heard evidence and then dismissed the petition seeking the writ. His appeal is now before us. A stay of execution was granted by this Court pending a final disposition of the case here.

As grounds for a writ of error coram nobis, Reed claims that during his trial for the murder of Louise Young the bones of two women, those of Louise Young, and those of Lena Lewis for whose murder Reed was also under indictment, were all placed in one large wooden box and that "the skeletons of both women were exhibited during the trial on a table in full view of the jury trying the case." A review of the evidence on the original record and the proof taken in support of the writ fails to substantiate appellant's claim.

The incident leading to appellant's arrest was the accidental discovery of a number of human bones by some plumbers making an excavation at 124 South 11th Street in Louisville in 1948. Appellant had occupied these premises for a number of years.

The police were called in and disinterred more bones, all of which were placed in a large wooden box and sent to Washington, D. C., to the F.B.I. Laboratory for identification. Anthropologists determined that they were the bones of two different colored women. The bones were returned in the same box, but in two separate packages. Appellant was arrested and charged with the murder of Louise Young and Lena Lewis. According to police officers, appellant confessed to the killing of Louise Young. There was testimony to the effect that during the trial of Reed for the murder of Louise Young, only the bones that had been identified as belonging to Louise Young reposed in the wooden box in the courtroom. The other bones had been removed and were placed in another part of the courthouse. Only the skull of Louise Young was removed from the box in the presence of the jury for the purpose of identifying it as her skull by a peculiarity of the teeth. No mention was made to the jury of two skeletons being in the box. The only testimony to the effect that there were two skeletons in the box exhibited to the jury is that of Mr. Tucker, appellant's counsel, who stated that at some time after the trial, either in late 1949 or early in 1950, he was informed by Detective Sergeant Riebel that the bones of both women had been in the same wooden box in the courtroom during the trial. Detective Riebel is now dead and Tucker's recollection of his conversation is hearsay. Apparently Mr. Tucker made no effort to ascertain the truth of Riebel's assertions by any further investigation. He never brought up the question until over three years later and until a few days before Reed's scheduled execution.

 It is true that in a petition for a writ of error coram nobis, the rule excluding hearsay evidence is not as strict as on an original trial. But it is also true that the petitioner must show that although the record appears proper, the real facts of the case rendered the original trial tantamount to no trial. Elliott v. Commonwealth, 292 Ky. 614, 167 S.W.2d 703. Now considering the evidence introduced on both hearings in support of appellant's contention in its most favorable light, we find that the evidence failed to establish the fact that the bones of persons other than those of Louise Young were exhibited to the jury during the trial of appellant. Hence, it follows that the grounds alleged in appellant's petition for the issuance of the writ are without merit as they are unsupported by proof of a convincing character on the hearing of the writ or by the original trial record.

Assuming, although the evidence is contrary, that the two skeletons were in sight of the jury at the trial, the appellant and his attorney had the same opportunity as the jury to observe their presence. If it be conceded that the presence of the other victim's skeleton was vividly enough impressed upon the minds of the jury to render the trial a denial of justice, then it could hardly be diligent of Reed's attorney to fail to notice the same thing. See Duff v. Commonwealth, 296 Ky. 689, 178 S.W.2d 191. It is to be remembered that the question of the competency of the evidence introduced at appellant's trial was decided adversely to appellant's contentions in Reed v. Commonwealth, 312 Ky. 214, 226 S.W.2d 513.

 Although we have not decided this case on this point, the circumstances under which the appellant's attorney applied for the writ cause us to doubt that the petition was made in good faith. As this Court said in Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48, 54:

"* * * Due diligence to discover the grounds before it was too late to be available under statutory processes is to be considered. Delay in seeking this extraordinary writ until the executioner is seen approaching is obviously a suspicious circumstance. It should always be made to appear with reasonable certainty that earlier action to secure relief and redress was not reasonably possible, or that there is an extreme exigency, before a stay of execution should be ordered."

To the same effect is Bircham v. Commonwealth, Ky., 245 S.W.2d 932.

In this case, by attorney Tucker's own admission, he had been informed of the alleged irregularity approximately three years before he applied for the writ. Not until after his informant was dead did he file the petition. This Court has several times previously condemned the use of the writ of coram nobis in this manner. We think the writ was properly denied.

Judgment affirmed.