James HARRIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 14, 1956.

Rodes K. Myers, Bowling Green, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Wm. J. Wise, Commonwealth's Atty., Newport, for appellee.

HOGG, Judge.

Appellant, James Harris, was convicted in the Campbell Circuit Court of the crime of pandering and sentenced to confinement in the penitentiary for three years. The judgment was affirmed and petition for rehearing was denied by this Court. Harris v. Commonwealth, Ky., 285 S.W.2d 489. The present appeal is from an order of the Circuit Court overruling a motion to vacate and set aside the judgment and an order forfeiting the appeal bond.

The basis for the motion to vacate and set aside the judgment is that: (1) a member of the jury which tried appellant was employed by or associated with the Commonwealth's Attorney who prosecuted the case; and (2) two witnesses admit by affidavits, which were filed with the motion, that they gave false testimony against appellant.

Appellant stated in his amended motion to set aside the judgment that the motion was made "in lieu of a Petition for Writ of Error Coram Nobis in view of the provisions of Rule 60.02, which abolishes Writs of Coram Nobis and provides that the procedure for obtaining any relief from a judgment shall be by motion." Appellant adopted the correct procedure, and we believe it may be helpful to examine briefly the nature and scope of this remedy.

The fundamental nature of coram nobis has not changed from the sixteenth century to the present time. Frank, Coram Nobis, page 1. Its history and function were discussed in Jones v. Commonwealth, 269 Ky. 779, 108 S.W.2d 816, and Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48. It is a civil proceeding. Frank, Coram Nobis, page 2 et seq.; Elliott v. Commonwealth, 292 Ky. 614, 167 S.W.2d 703. It is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after the rendition of the judgment without fault of the party seeking relief.

In its early American history coram nobis was "seized upon as a means of reviewing the intrinsic fairness of a trial in criminal proceedings." Frank, Coram Nobis, page 4. With respect to relief from a criminal judgment, the remedy was available to obtain a new trial on a showing of conditions which established that the original trial was tantamount to none at all because a miscarriage of justice had effectually deprived the defendant of life or property without due process of law. Jones v. Commonwealth, 269 Ky. 779, 108 S.W.2d 816, 817. See Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Woods v. Nierstheimer, 328 U.S. 211, 66 S.Ct. 996, 90 L.Ed. 1177; Carter v. Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172; Young v. Ragen, 337 U.S. 235, 69 S.Ct. 1073, 93 L.Ed. 1333; Lyons v. Goldstein, 290 N.Y. 19, 47 N.E.2d 425, 146 A.L.R. 1422.

Although a criminal judgment is involved, this has always been a civil remedy. Elliott v. Commonwealth, 292 Ky. 614, 167 S.W.2d 703; State ex rel. McManamon v. Blackford Circuit Court, 229 Ind. 3, 95 N.E.2d 556, 559. Our decision in Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48, overruling Wellington v. Commonwealth, 159 Ky. 462, 167 S.W. 427, and cases following it, made it clear that the remedy existed even though not provided for in the Criminal Code.

Civil Rule 60.02 recognizes the civil nature of the remedy, abolishes the "writ of coram nobis," and authorizes the granting of this type of relief by motion made under that Rule. The propriety of coram nobis proceedings under Rule 60.02 has been acknowledged in federal cases applying similar Federal Rule 60(b), 28 U.S.C.A. Preveden v. Hahn, D.C., 36 F.Supp. 952; United States v. Mierzanka, D.C., 89 F. Supp. 573; Wallace v. United States, 2 Cir., 142 F.2d 240; Oliver v. City of Shattuck, 10 Cir., 157 F.2d 150. See dissenting opinion in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

It may be pointed out that CR 60.02 does not extend the scope of the remedy nor add additional grounds of relief. A criminal judgment may be set aside only in extraordinary and emergency cases where the showing made is of such a conclusive character as to indicate the verdict most probably would not have been rendered and there is a strong probability of a miscarriage of justice. Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48. The remedy may be classified as falling within the scope of ground (6) of CR 60.02, and relief may be granted only upon recognized and limited coram nobis principles. To the extent Wellington v. Commonwealth, 159 Ky. 462, 167 S.W. 427, and other cases of like import are in conflict with this opinion they are hereby overruled. Appellant followed the proper procedure by motion under CR 60.02 in requesting coram nobis relief. Without considering the question of whether or not the motion was made "within a reasonable time" after the rendition of the judgment, a prerequisite to granting relief on any motion made under CR 60.02, we find that the trial court properly denied the motion for the reasons hereinafter set forth.

With respect to the first ground, there was no allegation or proof on the part of appellant that he had used any diligence to discover the alleged business relationship between the Commonwealth's Attorney and the juror. Such allegation was necessary. Walsh v. Tuggle, 303 Ky. 200, 197 S.W.2d 253; Duff v. Commonwealth, 296 Ky. 689, 178 S.W.2d 191. It seems reasonable that the facts concerning the alleged relationship of the juror could have been discovered at the time of the trial by the exercise of due diligence. In such a state of case, coram nobis relief will not be granted. Cowan v. Commonwealth, Ky., 281 S.W.2d 636.

The second ground is based on affidavits filed by witnesses wherein they state they gave false testimony on the trial of appellant. It appears that these two

witnesses who now repudiate their testimony were only two of the many witnesses who testified on the trial of appellant. Their testimony was merely corroborative of other testimony introduced by the Commonwealth. Appellant was not convicted solely upon the alleged false testimony of these witnesses. In Anderson v. Buchanan, supra, 292 Ky. 810, 168 S.W.2d 48 at pages 53 and 54, we said:

"We, therefore, concur with the views of the Supreme Court of Indiana and its conclusion that the court in which a conviction was had has discretion to grant the writ where it appears that but for alleged false testimony or undiscovered evidence of such a conclusive character that the verdict most probably would not have been rendered and there is strong probability of a miscarriage of justice unless the process be granted. Davis v. State, 200 Ind. 88, 161 N.E. 375; George v. State, 211 Ind. 429, 6 N.E.2d 336. We affirm that it is not enough merely to show that a prosecuting witness has subsequently made contradictory statements or that he is willing to swear that his testimony upon the trial was false, for his later oath is no more binding than his former one. State v. Superior Court, 15 Wash. 339, 46 P. 339. See also Hysler v. Florida, supra [315 U.S. 411, 62 S.Ct. 691, 86 L.Ed. 932]. It may be otherwise if the sole witness repudiates his testimony. It is to be emphasized also that obtaining the writ is not a matter of right but the granting of it is a matter of sound judicial discretion to be exercised upon a showing of reasonable certainty. Elliott v. Com., supra; 24 C.J.S., Criminal Law, § 1606, page 155; 31 Am. Jur., Judgments, Sec. 801; Ernst v. State, 179 Wis. 646, 192 N.W. 65, 30 A.L.R. 681; Chambers v. State, 117 Fla. 642, 158 So. 153."

The evidence as contained in the two affidavits does not meet the test of being of such a conclusive character as to indicate that the verdict probably would not have been rendered if the now alleged false evidence had not been given at the trial, nor is there a showing of strong probability of miscarriage of justice. Anderson v. Buchanan, supra, 292 Ky. 810, 168 S.W.2d 48.

The judgment is affirmed.