COMMONWEALTH of Kentucky, J. D. Buckman, Jr., Attorney General, et al., Appellant,

v.

Caleb NEWSOME, Appellee.

Court of Appeals of Kentucky.

Dec. 14, 1956.

Kelsey E. Friend, County Atty., Pikeville, Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellants.

Francis Dale Burke, J. Erwin Sanders, Pikeville, for appellee.

CULLEN, Commissioner.

Caleb Newsome was convicted in the Pike Circuit Court of having carnal knowledge of a female under 18 years of age, and was sentenced to a term of three years in the penitentiary. On October 22, 1954, his conviction was affirmed by this Court, and on February 4, 1955, a petition for rehearing was denied. Newsome v. Commonwealth, Ky., 274 S.W.2d 484. In March 1955 Newsome filed a petition in the Pike Circuit Court for a writ of error coram nobis. On April 14, 1955, the court dismissed his petition. On January 24, 1956, he moved the court to reconsider the petition, and on January 27, 1956, the court sustained the motion, and granted a writ of error coram nobis in accordance with the petition. The Commonwealth has appealed from the order granting the writ.

Newsome's petition in March 1955 for a writ of error coram nobis was the equivalent of a civil motion under CR 60.02(6) to set aside the criminal judgment. See Harris v. Commonwealth, Ky., 296 S. W.2d 700. Newsome's motion in January 1956, to reconsider the petition, was in effect a motion under CR 59.05 to alter or amend the order dismissing the petition. This motion having been filed after the expiration of ten days from the entry of the order dismissing the petition, the court had no power to entertain and act upon the motion. See James v. Hillerich & Bradsby Company, Ky., —— S.W.2d ——; Crisona v. Koontz, Ky., —— S.W.2d ——. Accordingly, the court acted without jurisdiction in granting the writ.

Even if it should be considered that the court had jurisdiction, the grounds relied upon for issuance of the writ were wholly insufficient. The main ground was that it was discovered, after the trial, that the prosecuting witness was three months pregnant at the time of the trial. This would show, it is claimed, that she had had intercourse with some other person *after* the alleged offense by Newsome, and would tend to impeach her testimony and show her general immorality. This ground is without merit, because under KRS 435.100(1) (c) it is competent to show only *previous* acts of sexual immorality and *previous* reputation.

On the trial, a witness testified he had seen the prosecuting witness engage in acts of intercourse with one Akers. She denied these acts. Akers was present at the trial but was not called to testify. In the petition for coram nobis, it was asserted that Akers was now willing to testify to the acts of intercourse. This testimony would have been merely cumulative, on the question of immorality and for impeachment, and no reason was given why Akers was not called on the trial. This evidence does not meet the test of being of such conclusive character as to indicate that the verdict probably would not have been rendered if the evidence had been given at the trial, and to show a strong probability of a miscarriage of justice. Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48. Nor has due diligence been shown. Duff v. Commonwealth, 296 Ky. 689, 178 S.W.2d 191; Walsh v. Tuggle, 303 Ky. 200, 197 S.W.2d 253. In the latter case it was held that newly discovered evidence merely attacking the moral character and credibility of the prosecuting witness in a rape case was insufficient to support an application for a writ of error coram nobis.

Another ground relied upon for the writ was that the prosecuting witness, after the trial of Newsome, moved to Ohio and refused to return to testify against three codefendants who had been jointly indicted with Newsome. We think this fact was of no relevance, having only the most remote bearing on the credibility of the prosecuting witness.

Our holding that the circuit court improperly granted the writ here in question will of course not preclude a subsequent application for a writ upon other grounds.

The judgment is reversed.