Earl **UNDERHILL** and William C. Underhill, Appellants,

v.

M. W. **THOMAS**, Warden, State Penitentiary, Eddyville, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 1, 1957.

Marvin C. Prince, Prince & Prince, Benton, for appellants.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., James M. Lassiter, Commonwealth's Atty., Murray, for appellee.

MONTGOMERY, Judge.

Earl and William C. Underhill appeal from an order denying their petition for a writ of coram nobis. They were convicted of assault with the intent to. rob and are presently confined in the Eddyville penitentiary. For further facts, see Underhill v. Commonwealth, Ky., 289 S.W.2d 509, wherein their convictions were affirmed.

The offense was charged to have been committed in the early part of the evening of July 5, 1955, near Murray. With their petition, appellants filed two affidavits by which they sought to establish an alibi. Leslie Jones identified appellants as being on U. S. Highway 68, approximately five miles from Golden Pond, in Trigg County. He said that he talked with them and that they gave him a drink of whiskey about 7 p. m. on the night the offense was committed. Mrs. Everet Barnett said the appellants were at her filling station in Kuttawa on the same evening between 8:30 and 9 p. m., where they bought cigarettes and put water in their car radiator. The distances of Golden Pond and Kuttawa from Murray were not shown.

Additional affidavits of Cirt T. Collins and George Collins were filed with an amendment to the petition. The Collinses stated therein that they gave false testimony concerning the Underhills on their trial in expectation of receiving leniency from the court. Both stated that the Underhills never discussed the possibility of the robbery with them.

The trial court, upon this proof, denied relief.

■ Appellants urge that no response or answer was filed on behalf of the appellee; hence, they were entitled to the relief sought by default. The petition, as amended, was the equivalent of a civil motion under CR 60.02(6) to set aside the criminal judgment. Harris v. Commonwealth, Ky., 296 S.W.2d 700; Commonwealth v. Newsome, Ky., 296 S.W.2d 703. CR 7.02 concerning motions is similar to Fed.Rules Civ.Proc. rule 7(b) and (c), 28 U.S.C.A. Clay, CR 7.02. A motion is not a pleading. Bigelow v. RKO Radio Pictures, Inc., D.C., N.D.Ill.1954, 16 F.R.D. 15. No pleading is necessary to give a party the right to oppose a motion. Moore's Federal Practice, Volume 2, Section 7.05, page 1514. The·movant cannot obtain the relief sought without meeting the burden of establishing to the satisfaction of the court that relief should be granted in accordance with recognized coram nobis principles. It was unnecessary to respond in writing to the motion.

■ The rule is that a criminal judgment may be set aside only in extraordinary cases where the showing made is of such conclusive character as to indicate that the verdict most probably would not have been rendered and that there is a strong probability of a miscarriage of justice. The granting of the writ of coram nobis is a matter of sound judicial discretion. Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48; Harris v. Commonwealth, Ky., 296 S.W.2d 700. The test is one as to the conclusive character of the evidence. Commonwealth v. Newsome, Ky., 296 S.W. 2d 703.

■ In considering the proof offered by appellants to determine whether it meets

the test, it may first be noted that the proof of alibi given by the affidavits of Leslie Jones and Mrs. Everet Barnett could well be disregarded because of appellants' failure to show proper diligence. Duff v. Commonwealth, 296 Ky. 689, 178 S.W.2d 191; Walsh v. Tuggle, 303 Ky. 200, 197 S.W.2d 253; Cowan v. Commonwealth, Ky., 281 S.W.2d 636. Appellants did not testify or offer any evidence at the trial when they were convicted. The testimony of the two alibi witnesses now offered is contradictory of testimony given at the trial. As such, it does not remove from the case the basis upon which the conviction was predicated and is insufficient for coram nobis relief. Merrifield v. Commonwealth, Ky., 283 S.W.2d 214; Creech v. Commonwealth, Ky., 291 S.W.2d 565.

Appellants have tried to place their case within the scope of the Anderson v. Buchanan decision. In that case, the proof offered was in the form of depositions. It was in detail, and a plausible explanation of the repudiation was given. Buchanan v. Anderson, 293 Ky. 386, 168 S.W.2d 761. In the instant case, the Collins affidavits are nothing more than a repudiation of the testimony given by them at the trial, with a weak explanation. The Collins boys are relatives of appellants. While they ascribe expected leniency as their reason for testifying against appellants, there is no hint of proof that there was ever any basis for such expectations. There was other evidence given at the trial which served to establish the guilt of appellants. The Collins affidavits, in view of their present confinement, smack more of a kindly effort to help their kin than of the truth. Had their repudiations been offered at the trial, the jury would have had to decide which testimony was true. Their testimony now offered certainly falls far short of the conclusive character of evidence required and fails to show a strong probability of miscarriage of justice. There was no abuse of discretion on the part of the trial judge in denying the writ.

Judgment affirmed.