James Donald CLEMENTS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 9, 1969.

James Donald Clements, pro se.

John B. Breckinridge, Atty. Gen., Howard E. Trent, Jr., Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Judge.

On July 13, 1968, appellant filed in the trial court his motion to vacate a judgment convicting him of detaining a woman against her will (KRS 435.110), under which he was given a two-year involuntary admission to the state reformatory. The motion was filed under CR 60.02. In this motion newly discovered evidence is the prime ground for relief.

Appellant prosecuted an appeal to this court from his original conviction. This court affirmed the judgment (Clements v. Commonwealth, Ky., 424 S.W.2d 825 (1968), rehearing was denied March 29, 1968).

Appellant next filed a motion to vacate the judgment under RCr 11.42. This motion was overruled; from which ruling, appellant prosecuted an appeal to this court. On September 19, 1968, this court by opinion and order affirmed the judgment overruling appellant's motion under RCr 11.42.

■ The newly discovered evidence relied on in this proceeding is set out in an affidavit, attempted to be filed in this court on March 13, 1969, of a prisoner in the Daviess County jail, who stated in his affidavit that the victim of appellant's crime visited the said prisoner while in jail and stated that appellant was "innocent of the crime." This matter was not presented in the trial court. For that reason, as well as others, including its total inadequacy, this court will not consider said affidavit labeled "newly discovered evidence."

Appellant's motion states it is supported by "notarized statement" of Anna Sue Clements to the effect that appellant "was unconscious in the back seat of the car the night of the alleged crime." We find no such "notarized statement" in the record.

■ Appellant also claims that his wife would or did testify that she gave appellant's attorney $400 for a "guarantee that petitioner received probation." Even if this were true, which we doubt, such conduct of appellant's counsel, occurring after conviction, is not a ground for relief under CR 60.02 or RCr 11.42. Furthermore, the affidavit was not filed in or considered in the circuit court. Conceding for the purpose of discussion that the affidavit of the wife was timely filed and considered in

**160**

the trial court and that it was all true, it is hopelessly insufficient to justify setting aside the judgment. The affidavit had no relation to the guilt or innocence of appellant. See Commonwealth v. Newsome, Ky., 296 S.W.2d 703 (1956).

■ Another of appellant's vaporous grounds for relief relates to the absent witness, Wilcox, who could not be reached because he was in Kansas City, Missouri. This was also one of appellant's grounds for relief under his RCr 11.42 proceeding that was resolved adversely to appellant. This question is not available as a ground for relief under CR 60.02.

Likewise, appellant's contention as to "newly discovered evidence" of "Doctor Eskridge" was considered in his RCr 11.42 appeal and is also unavailable here. Dr. Vern Eskridge testified almost a year after trial, and this testimony was heard in connection with appellant's motion to reconsider probation. This contention is without merit under the rule announced in Mc-Elwain v. Commonwealth, Ky., 400 S.W.2d 212 (1966).

Appellant's allegation of inadequate assistance of counsel was another ground relied on in the RCr 11.42 proceeding. Neither is this ground specific. It is of no avail here.

■ Appellant charges that unidentified witnesses were not subpoenaed. He does not state to what they would testify. We find no merit in this charge.

■ Another reason for denying relief in this proceeding, and there are others, is the fact that appellant waited more than one year to commence this proceeding. A motion for new trial on the grounds of newly discovered evidence must be filed within one year. Bell v. Commonwealth, Ky., 395 S.W.2d 784 (1965).

The judgment is affirmed.

All concur.