RENDERED: MARCH 12, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1280-MR

GARY DEWITT ODOM                      APPELLANT

              APPEAL FROM JEFFERSON CIRCUIT COURT
v.              HONORABLE AUDRA J. ECKERLE, JUDGE
              ACTION NO. 80-CR-000716

COMMONWEALTH OF KENTUCKY             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

CLAYTON, CHIEF JUDGE: Gary DeWitt Odom appeals *pro se* from the

Jefferson Circuit Court's order denying his motion for post-conviction relief

pursuant to Kentucky Rule of Civil Procedure (CR) 60.02. For the reasons stated

below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In January of 1981, Odom was convicted after a jury trial and sentenced to fifteen years' imprisonment for possession of a controlled substance, two felony counts of receiving stolen property, and second-degree assault. Due to various parole violations as well as additional federal felony convictions, Odom has still not served his Kentucky sentence.

In 2018, Odom filed a motion to amend his sentence pursuant to CR 60.02(e) and (f). In his motion, Odom argued that he had been sentenced too harshly because the original sentencing judge wrongly thought Odom was responsible for the murder of a police officer. Odom asked for resentencing from consecutive to concurrent sentencing and release. Odom additionally requested release because the Department of Corrections and the Parole Board allegedly miscalculated his sentencing credits and were holding him unlawfully.

On May 13, 2019, the Jefferson Circuit Court entered an order denying Odom's CR 60.02 motions. On May 21, 2019, Odom filed a motion for reconsideration with the trial court requesting that it reconsider its denial of his CR 60.02 motion. Odom did not cite any rule under the Kentucky Rules of Civil Procedure as the basis of his May 21, 2019 motion for reconsideration. The trial court summarily denied Odom's motion for reconsideration on December 2, 2019.

While his motion for reconsideration was pending with the trial court, Odom also filed a notice of appeal with this Court stating that he was appealing from the trial court's May 13, 2019 order denying his CR 60.02 motion. Odom filed no new notices of appeal after the trial court's denial of his motion to reconsider.

## ANALYSIS

As a preliminary matter, although he did not designate it as such, Odom's motion for reconsideration acted as a timely motion to alter, amend, or vacate that judgment under CR 59.05, which tolled the time for filing a notice of appeal. *See* CR 73.02(1)(e)(i). The notice of appeal became effective as of the date of the trial court's decision disposing of his motion for reconsideration and this appeal is properly before us. *Id.*

Turning to the applicable law in this case, under CR 60.02, "a court may, upon such terms as are just, relieve a party . . . from its final judgment, order, or proceeding[.]" Relief under CR 60.02 is "an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds . . . not available by appeal or otherwise, which were discovered after the rendition of the judgment without fault of the party seeking relief." *Harris v. Commonwealth*, 296 S.W.2d 700, 701 (Ky. 1956). However, a CR 60.02(f) motion must be "made within a reasonable time." *See* CR 60.02. Indeed, "[w]hat constitutes a reasonable time in which to

move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). Moreover, "[a]n evidentiary hearing is not required to assess the reasonable time restriction inherent in CR 60.02 motions because this determination is left to the discretion of the [trial] Court." *Stoker v. Commonwealth*, 289 S.W.3d 592, 596 (Ky. App. 2009) (citing *Gross*, 648 S.W.2d at 858).

Here, Odom argues that he is entitled to relief pursuant to CR 60.02 (e) and (f). Considering, however, that over three decades have passed between the court's entry of its final judgment and sentence against Odom and Odom's filing of his present CR 60.02 motion, we conclude that the trial court did not abuse its discretion in denying Odom's CR 60.02 motion as it was not brought within a "reasonable time." *Id.*

## CONCLUSION

Because Odom's CR 60.02 motion was not brought within a reasonable time, we affirm the Jefferson Circuit Court's order denying such motion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Gary DeWitt Odom, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney Kay Han
Assistant Attorney General
Frankfort, Kentucky