RENDERED:  OCTOBER 20, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1096-MR

BRENDA HARDIN                                                    APPELLANT

APPEAL FROM MUHLENBERG CIRCUIT COURT
v.                    HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 14-CR-00156

COMMONWEALTH OF KENTUCKY                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE:  Brenda Hardin ("Hardin"), proceeding *pro se*, appeals an

order of the Muhlenberg Circuit Court denying her request for post-conviction

relief under CR[1] 60.02.  After careful review, finding no error, we affirm.

On August 11, 2015, Hardin was convicted of murdering her ex-

husband and was sentenced to life in prison.  *Hardin v. Commonwealth*, No. 2015-

---

[1] Kentucky Rules of Civil Procedure.

SC-000614-MR, 2016 WL 7665872, at *1 (Ky. Dec. 15, 2016). Her conviction and sentence were affirmed on direct appeal. *Id.* at *4.

On August 8, 2022, Hardin filed a *pro se* motion under CR 60.02(a), (e), and (f); CR 60.03;[2] and multiple constitutional provisions. This was Hardin's first post-conviction motion challenging her conviction. The circuit court denied her motion finding all but one of the issues raised in her motion were addressed "at numerous pretrial hearings and during the actual trial of this matter (*i.e.*, concerns regarding Defendant's purported mental illness, suicide attempt, and her conversations with the investigating officer while Defendant was in the hospital). These matters were addressed by the Supreme Court of Kentucky, which affirmed [Hardin's] judgment." Record (R.) at 29. Additionally, the circuit court rejected Hardin's argument that the court held her decision not to testify against her in sentencing her. The circuit court found Hardin's claim was "in no way supported by the record. This Court imposed the lawful punishment recommended by the jury." R. at 30. The circuit court also found the "jury was clearly instructed in writing by this Court that Defendant's decision not to testify 'cannot be used as an

---

[2] Though not addressed by the circuit court, Hardin did not file an independent action as CR 60.03 requires. Hardin only mentions CR 60.03 in the caption of her motion, and the body of her motion only raises arguments under CR 60.02. Thus, the circuit court treated Hardin's motion purely as one brought under CR 60.02.

inference of guilt and should not prejudice her in any way.'" *Id.*; Trial Record at 273, 285. This appeal followed.

On appeal, Hardin argues the circuit court abused its discretion in denying her CR 60.02 motion because: (1) vital information about her mental health, lack of criminal history, and emotional distress was not provided to the jury before sentencing; (2) the circuit court should have instructed the jury on lesser included offenses; and (3) these errors amount to cumulative error. Hardin's brief also includes vague ineffective assistance of counsel arguments throughout, and her discussion of the standard of review is solely about ineffective assistance of counsel without referencing RCr[3] 11.42.

"We review the denial of a CR 60.02 motion under an abuse of discretion standard." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citing *Brown v. Commonwealth*, 932 S.W.2d 359, 361 (Ky. 1996)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

The purpose of CR 60.02 is to provide "for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. " *Gross v. Commonwealth*,

_____

[3] Kentucky Rules of Criminal Procedure.

648 S.W.2d 853, 856 (Ky. 1983). Relief under CR 60.02 "is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the party seeking relief." *Id.* (quoting *Harris v. Commonwealth*, 296 S.W.2d 700 (Ky. 1956)). "In summary, CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings." *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

Before addressing Hardin's enumerated arguments, we will address the ineffective assistance of counsel standard of review and arguments woven throughout her brief. To the extent Hardin makes ineffective assistance of counsel claims, they are unpreserved as she did not raise them in her underlying motion. Hardin's brief seems to commingle elements of a motion for relief under CR 60.02 and ineffective assistance of counsel under RCr 11.42. As noted above, these are two separate mechanisms for relief that may be pursued after a conviction is affirmed on direct appeal. Hardin failed to raise her ineffective assistance of counsel arguments below and does not request review for palpable error. *Id.* As the Supreme Court of Kentucky has stated, "appellants will not be permitted to feed one can of worms to the trial judge and another to the appellate court." *Elery*

*v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012). Thus, we decline to address any ineffective assistance of counsel arguments further.

Regarding the 60.02 motion, first, Hardin argues the circuit court abused its discretion in denying her motion because vital information about her mental health, lack of criminal history, and emotional distress was not provided to the jury before sentencing. The record clearly refutes Hardin's claim. During the trial, evidence was presented regarding her erratic behavior, that she was not able to move on after her divorce, that she was jealous of her ex-husband's new relationship, her mental health issues, her suicide attempt, and her lack of criminal history. This evidence was presented in coordination with her extreme emotional disturbance defense.

Additionally, the Supreme Court of Kentucky discussed evidence of Hardin's suicide attempt. Testimony regarding "pill bottles and their connection to [Hardin's] attempted suicide" and "suicide notes to various family members" were presented at trial. *Hardin*, 2016 WL 7665872, at *3.

As the record shows this evidence was not withheld and was presented to the jury prior to sentencing, Hardin's claim lacks merit. Additionally, her argument is procedurally barred because the issues raised were or should have been raised on direct appeal. Thus, the circuit court did not abuse its discretion in rejecting Hardin's argument.

Second, Hardin argues the circuit court should have instructed the jury on a lesser included offense. The Commonwealth notes Hardin's argument is confusing, but she appears to attempt to use the domestic violence designation in KRS[4] 439.3401 as proof that she should have received a lesser sentence at trial or been used as mitigating evidence. Prior to filing the underlying motion, there was never any allegation that Hardin was the victim of domestic violence perpetrated by her ex-husband.

The KRS 439.3401 domestic violence designation relates to release eligibility, not whether a defendant is entitled to jury instructions on lesser included offenses. The designation only applies to persons who have "been determined by a court to have been a victim of domestic violence," and no court has found Hardin was a victim of domestic violence. KRS 439.3401(5). Additionally, this is an issue that should have been raised on direct appeal and is procedurally barred. Hardin fails to demonstrate why this argument entitles her to extraordinary relief. Thus, the circuit court did not abuse its discretion in rejecting this argument.

Throughout her first two arguments, Hardin complains about the guilty but mentally ill instruction that was included in the jury instructions. This issue was addressed on direct appeal:

---

[4] Kentucky Revised Statutes.

The Commonwealth requested that instruction and defense counsel objected. The court agreed with the Commonwealth and authorized the instruction. However, the Commonwealth stated during closing argument that "[t]here is no evidence that [Appellant] was ever diagnosed with a mental illness." Appellant was not convicted under a GBMI instruction. Therefore, Appellant has failed to demonstrate prejudice. There is no error here, certainly no error requiring reversal.

*Hardin*, 2016 WL 7665872, at \*4. As this issue was addressed on direct appeal, it is procedurally barred.

Third, Hardin alleges the cumulative effect of the issues raised in her first two arguments amount to cumulative error. Hardin did not preserve this issue by raising it in her motion, and she does not request review for palpable error. *See Elery*, 368 S.W.3d at 97. Furthermore, "[i]f the errors have not "'individually raised any real question of prejudice,' then cumulative error is not implicated." *Id.* at 100. As the errors alleged on appeal did not raise any real questions of prejudice to Hardin, cumulative error is inapplicable.

Finally, though not addressed by the circuit court, it could have denied Hardin's motion as untimely. Motions under CR 60.02(a) must be made within one year of the entry of a judgment, and motions under CR 60.02(e) and (f) must be "made within a reasonable time." Hardin's judgment was entered in 2015, and she filed her motion in nearly seven years later in 2022. Her arguments under CR 60.02(a) are clearly time barred as the motion was filed more than a year after the

judgment against her was entered. "What constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that addresses itself to the discretion of the trial court." *Gross*, 648 S.W.2d at 858. Hardin waited nearly seven years to file her motion and did not provide justification for the delay. Thus, the circuit court could have denied her motion as untimely.

For the foregoing reasons, we affirm the judgment of the Muhlenberg Circuit Court.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Brenda Hardin, *pro se* <br> Pewee Valley, Kentucky | Daniel Cameron <br> Attorney General of Kentucky |
| | Matthew R. Krygiel <br> Assistant Attorney General <br> Frankfort, Kentucky |