RENDERED: DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1381-MR

CHRISTOPHER JOHNSON                                        APPELLANT


            APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE PATRICIA MORRIS, JUDGE
               ACTION NO. 11-CR-002918-002


COMMONWEALTH OF KENTUCKY                     APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND ECKERLE, JUDGES.

CALDWELL, JUDGE: Christopher Johnson ("Johnson") appeals the trial court's denial of his CR[1] 60.02 motion to vacate the prison sentence of thirty-three (33) years he received following his conviction of Robbery in the First Degree and

---

[1] Kentucky Rules of Civil Procedure.

Persistent Felony Offender in the First Degree ("PFO 1"). Having reviewed the

briefs of the parties, the trial court record and orders, and pertinent law, we affirm.

## BACKGROUND

When previously examining Johnson's RCr[2] 11.42 appeal on this

case, this Court provided a summary of the underlying facts which led to Johnson's

conviction for First-Degree Robbery and PFO 1 as follows:

> For context, Johnson entered a Louisville
> convenience store, pointed a gun at the clerk and robbed
> the store of cash, lottery tickets, and cigarettes. He and
> his girlfriend were arrested a few hours later, after police
> were alerted to them attempting to cash the stolen lottery
> tickets. The clerk was unable to positively identify
> Johnson, but surveillance video captured the entire
> incident on film. When located by police, Johnson
> confessed.[3]

Johnson was initially indicted for First-Degree Robbery as well as Complicity to

Commit First-Degree Robbery.[4] His girlfriend, Jillian Cabknor, also faced charges

and would be tried in the same jury trial.

At his trial, Johnson testified in his own defense. The Commonwealth

had presented evidence to the jury which included a still photo from security video

---

[2] Kentucky Rules of Criminal Procedure.

[3] *Johnson v. Commonwealth*, No. 2016-CA-001126-MR, 2018 WL 2078028, at *2 (Ky. App. May 4, 2018) (unpublished).

[4] *Johnson v. Commpnwealth*, No. 2012-SC-000650-MR, 2014 WL 2809860, at *3 (Ky. Jun. 19, 2014) (unpublished).

of the robbery upon which Johnson had written "This is me," and signed his name to during his confession to police.[5] However, Johnson denied to the jury that he had robbed the convenience store. He testified he had stumbled upon a bag full of cigarettes, cash, and scratch-off lottery tickets and taken it to the house where he and Cabknor resided, where they had scratched off the lottery tickets.

Following deliberations, the jury found Johnson guilty of first-degree robbery and recommended a twenty-year term of imprisonment. The jury recommended an enhanced sentence of thirty-three years after finding Johnson guilty of PFO 1. (The jury found Cabknor guilty of receiving stolen property less than $500.00.)

In an order entered September 7, 2012, the trial court followed the jury recommendation and sentenced Johnson to thirty-three years of imprisonment. Johnson appealed as a matter of right and the Kentucky Supreme Court eventually affirmed the conviction and sentence in 2014.[6] There, our Supreme Court examined two allegations of error Johnson made concerning the trial court's instructions to the jury.[7] The first concerned Johnson's allegation that "the trial court's jury instruction on first-degree-robbery included superfluous language

---

[5] 2014 WL 2809860, at *2.

[6] 2014 WL 2809860, at *1.

[7] 2014 WL 2809860, at *1.

about complicity that resulted in a violation of Johnson's constitutional right to a unanimous verdict."[8]

Thereafter, Johnson filed an RCr 11.42 motion with the trial court alleging ineffective assistance of counsel. The trial court denied the motion without granting an evidentiary hearing; this Court affirmed that determination in May of 2018.[9]

Subsequently, Johnson filed a petition for a writ of *habeas corpus* in the federal district court.[10] During the next few years, he pursued post-conviction relief in incidental proceedings.[11]

In July of 2022, Johnson filed a new motion with the trial court seeking post-conviction relief under CR 60.02(f). As grounds for the motion, Johnson alleged the Commonwealth had engaged in prosecutorial misconduct during its closing argument at his jury trial. The trial court denied Johnson's motion in a handwritten order entered on November 22, 2022.

---

[8] *Id.*

[9] 2018 WL 2078028, at *1.

[10] *Johnson v. Akers*, No. 3:20-CV-00414-CHB-LLK, 2020 WL 9421204, at *1 (W.D. Ky. Oct. 7, 2020), report and recommendation adopted, No. 3:20-CV-00414-CHB-LLK, 2021 WL 1700056 (W.D. Ky. Apr. 29, 2021).

[11] *Johnson v. Akers*, No. 21-5548, 2022 WL 1920596, at *3 (6th Cir. Feb. 9, 2022).

The trial judge wrote the order directly onto the final page of Johnson's motion in the record. The order noted that Johnson "has already had a direct appeal & conviction was affirmed." (Record on Appeal, ("R."), p. 302.) It additionally stated that the "[i]ssues raised here existed at that time and were NOT raised in the appeal and should not be raised for the [first] time in a 60.02 motion." *Id.* (emphasis in original).

Subsequently, Johnson submitted a motion requesting the trial court amend its prior order to include findings of fact and conclusions of law, citing to CR 52.02, 52.04, and 59.05. There, he alleged the trial court had "denied Movant's motion without enter (*sic*) findings of facts and conclusions of law as to the merits of Movant's claim." R. at 307.

Thereafter, the trial court again denied Johnson's 60.02 motion and restated the grounds from the prior order.[12] The order concluded the preceding judge had correctly ruled "that CR 60.02 does not allow for review of an error that was alleged to have occurred on the record in open court prior to judgment." R. at 312. The trial court elaborated that Johnson's allegations were of misconduct occurring in open court during the trial; consequently, he should have pursued remedies through motion at that time or in direct appeal. The order further

---

[12] By this time, a new judge presided over the division of Jefferson Circuit Court which oversaw Johnson's case.

concluded that denial of a CR 60.02 motion did not require detailed findings from the trial court.

Johnson now appeals that denial. We affirm. We will discuss further facts as needed.

## ANALYSIS

In this appeal, Johnson argues the trial court erred in denying his CR 60.02(f) motion and in failing to order an evidentiary hearing. Johnson additionally argues the trial court erred by failing to consider his motion on the merits of his allegations of prosecutorial misconduct. He contends the Commonwealth made improper statements during closing arguments, including comments which amounted to the prosecutor's personal opinions as to his guilt and credibility, as well as a statement which improperly encouraged the jury to convict him for complicity.

The Commonwealth argues the trial court correctly concluded that, as Johnson could have raised his claims about prosecutorial misconduct in an earlier proceeding, those claims had been waived.

## STANDARD OF REVIEW

The decision whether to grant relief pursuant to CR 60.02 is within the trial court's exclusive discretion; we review a trial court's denial of a CR 60.02

motion for an abuse of that discretion. *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021).

### The Trial Court Did Not Abuse Its Discretion When Denying Johnson's CR 60.02 Motion.

CR 60.02 was a statutory substitution for and codification of the common law writ of *coram nobis*, which allowed for correction or vacating of a judgment on the basis of "facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were not discovered until after rendition of judgment without fault of the parties seeking relief." *Davis v. Home Indemnity Co.*, 659 S.W.2d 185, 188 (Ky. 1983) (citing *Harris v. Commonwealth*, 296 S.W.2d 700 (Ky. 1956)). The writ's purpose was to allow a party to return to the court that pronounced judgment and present "errors in matter of fact" which:

> (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. Black's Law Dictionary, *Fifth Edition*, 487, 144.

*McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997) (quoting *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983)).

Where a movant could demonstrate "conditions which established that the original trial was tantamount to none at all because a miscarriage of justice had effectually deprived the defendant of life or property without due process of

law[,]" *coram nobis* made available the remedy of a new trial. *Harris*, 296 S.W.2d at 702 (citations omitted).

The substitution of CR 60.02 for the common law writ did not expand the breadth of available relief or the grounds for its availability. *See Harris*, 296 S.W.2d at 702 ("CR 60.02 does not extend the scope of the remedy nor add additional grounds of relief."). As with the writ of *coram nobis*, CR 60.02 does not offer a party an additional opportunity to raise claims he or she might have raised by direct appeal or an RCr 11.42 motion. *Gross*, 648 S.W.2d at 857. Instead, the rule exclusively provides for "relief that is not available by direct appeal and not available under RCr 11.42." *Id.* at 856. Accordingly, the only issues a movant may raise are those which could not have been raised in the other proceedings, with "[t]he obvious purpose" of this "principle" being "to prevent the relitigation of issues which either were or could have been litigated in a similar proceeding." *McQueen*, 948 S.W.2d at 416.

Johnson nowhere alleges any factual matter which was unknown or hidden from him at the time of his prior appeals. He does not dispute the finding of the trial court that he only alleged misconduct in the form of on-the-record statements made during closing arguments at trial. Furthermore, Johnson made no allegation of any circumstances which prevented him from pursuing his claims of prosecutorial misconduct during trial or prior appeals.

We discern no abuse of discretion in the trial court's conclusion that, because Johnson had opportunities to raise his claims of error during the trial or in prior appeals, the requested relief under CR 60.02(f) was unavailable to him. Where the allegation of error is one of law that would be ordinarily subject to review on direct appeal, "CR 60.02 may not be invoked as an alternate method of review." *Wimsott v. Haydon Oil Co.*, 414 S.W.2d 908, 910 (Ky. 1967) (citations omitted). Rather, "CR 60.02 allows appeals based upon claims of error that were unknown and could not have been known to the moving party by exercise of reasonable diligence and in time to have been otherwise presented to the court." *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011) (internal quotation marks and citation omitted).

If, through the exercise of reasonable diligence, a movant could have raised claims of error in either a direct appeal or an RCr 11.42 proceeding, he or she is precluded from pursuing those claims in a subsequent CR 60.02 proceeding. *Sanders*, 339 S.W.3d at 437. By failing to allege circumstances that rendered him unable to present his allegations in earlier proceedings, Johnson failed to demonstrate that his claims qualified for CR 60.02 relief.

**No Error in Denial of Evidentiary Hearing**

Johnson's failure to offer any explanation as to why he was unable to present the issues here in prior appeals or why the motion was made within a

reasonable time are glaring absences among an overarching failure to allege the special circumstances required for CR 60.02 relief. Accordingly, Johnson's argument that the trial court erred by declining to hold an evidentiary hearing on the merits of his claim likewise fails. "Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *McQueen*, 948 S.W.2d at 416 (quoting *Gross*, 648 S.W.2d at 856). We find no abuse of discretion in the trial court's decision that Johnson was not entitled to an evidentiary hearing.

In sum, we determine no reversible error in the denial of Johnson's CR 60.02 motion without an evidentiary hearing. We decline to address the Commonwealth's alternative argument regarding timeliness as unnecessary to our resolution of this appeal.

## CONCLUSION

For the aforementioned reasons, we discern no abuse of discretion in the trial court's denial of Johnson's CR 60.02 motion. We affirm.

ALL CONCUR.

BRIEF FOR APPELLANT:

Christopher Johnson, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky