## WOODEN v. GOHEEN et al.

Court of Appeals of Kentucky.

March 6, 1953.

Paul R. Huddleston, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., and H. D. Reed, Jr., Asst. Atty. Gen., for appellees.

DUNCAN, Justice.

This appeal is from a declaratory judgment of the Franklin Circuit Court holding that appellant must accrue eight years of confinement in the penitentiary on each of two consecutive life sentences, a total of sixteen years, before he becomes eligible for parole.

Appellant was convicted on two charges of murder and was sentenced by separate judgments of the Lee Circuit Court on November 18, 1941, to serve two consecutive life sentences in the State peniten-

tiary. He was committed to the Kentucky State Reformatory on November 24, 1941, and since that date has continuously remained a prisoner in that institution. He has applied to the Department of Welfare through the Division of Probation and Parole for parole consideration, but the Department has declined to accept or consider the application on the ground that it has no authority to do so until appellant has accrued eight years' confinement on each of his two life sentences.

Determination of the question depends upon the interpretation of KRS 439.110(3). No judicial authority in aid of its construction is found in this State or other jurisdictions. We are, therefore, restricted to an examination of the language used in an effort to ascertain its meaning and effect. We quote the complete text of KRS 439.110 since the other subsections enter into the construction of the subsection involved:

"*Length of time prisoner to serve before parole.* (1) Except as provided in subsection (4) of this section, after any prisoner serving a sentence of ten years or less or sentences aggregating ten years or less has been confined in the penitentiary for one-half of the sentence or sentences imposed upon him by the judgment of the court in which he was convicted and sentenced, he may apply for a parole with the department.

"(2) Except as provided in subsection (4) of this section, after any prisoner serving a sentence or sentences, aggregating more than ten years and not more than twenty-one years, has been confined in the penitentiary for at least six years of the sentence or sentences imposed upon him by the judgment of the court in which he was convicted and sentenced, he may apply for a parole with the department.

"(3) Persons convicted for life or persons sentenced for more than twenty-one years to the penitentiary shall not apply for a parole until eight years have elapsed since the prisoner was confined in the penitentiary.

"(4) Any prisoner serving a sentence of fifteen years or less, or sentences aggregating fifteen years or less, who was never confined in a penal institution on a felony charge prior to the date on which the sentence was imposed, may apply for a parole with the department after he has been confined in the penitentiary for one-third of the sentence or sentences imposed upon him by the judgment of the court in which he was convicted and sentenced, provided that he must have served a minimum of six months; provided that in case of any such prisoner sentenced prior to January 1, 1948, the minimum period of confinement shall be one-fourth of the sentence or sentences instead of one-third."

In computing eligibility for parole consideration, the statute divides prisoners into three general classifications as follows: (1) those serving a sentence or sentences of ten years or less; (2) those serving a sentence or sentences of more than ten and not more than twenty-one years; and (3) all others, being those described by subsection 3 as "convicted for life or * * * sentenced for more than twenty-one years". Subsection 4 establishes a mere subclassification which includes prisoners serving a sentence or sentences of fifteen years or less who otherwise would fall into groups one or two, but who may be released in one-third of the aggregate time imposed if they have not previously been confined in a penal institution on conviction for a felony.

Appellees insist that because subsections 1, 2, and 4 specifically refer to an accumulation of sentences and subsection 3 does not, we must assume that this particular subsection refers to only one sentence, and therefore parole eligibility must be computed on separate sentences under its provisions. We are not impressed with the argument. If we treat subsection 3 as dealing entirely with single sentences, we have the anomalous situation of there being no specific period of parole eligibility for persons sentenced to the penitentiary where the aggregate of two or

more sentences exceeds twenty-one years, or parole eligibility would be computed by a breaking up of the sentences to fall within either subsection 1 or 2. If the latter expedient was followed, we conceivably might have a prisoner sentenced to two terms of eleven years each. Computed under subsection two, he would become eligible for parole in twelve years. At the same time, a person convicted of carnally knowing a female under twelve years of age, which incidentally is the only offense punishable in Kentucky for a specified term of imprisonment of more than twenty-one years, may be sentenced by a single sentence to a term of fifty years and become eligible for parole in eight years. We do not think such a result was intended by the Legislature.

The conclusion is inescapable that the Legislature in dealing with parole eligibility treated all sentences collectively upon the basis of total time of imprisonment imposed by a single sentence or any number of sentences. Differently expressed, the term of imprisonment computed by adding all sentences is the yardstick adopted by the statute for measuring parole eligibility. There is nothing in the statute to indicate, or from which we can imply, an intention that parole eligibility is to be computed separately on separate sentences under subsection 3.

The term of imprisonment imposed by one or a dozen life sentences amounts to the same time as applied to the individual affected. Although all sentences of imprisonment under the laws of Kentucky are required to be served consecutively by the mandatory provisions of Section 288, Criminal Code of Practice, the actual serving of two consecutive life sentences is an impossibility. We think the term "Persons convicted for life" as it is used in subsection 3 means all persons who have been sentenced to a term of life imprisonment by one or more sentences. Appellant's application for parole may be considered by the Department.

The interpretation which we have indicated is fortified by the fact that any other construction would forever bar consideration of appellant's application. Parole is simply a conditional suspension of the sentence. It does not expire because of or during the pendency of parole. Commonwealth v. Polsgrove, 231 Ky. 750, 22 S.W.2d 126. Appellant can never accrue any service on his second life sentence so long as he remains either confined or on parole under his first sentence. If the second sentence is held in abeyance, it does not become effective for any purpose until the first expires, which is to say, until the appellant dies or receives a pardon of his first conviction.

The judgment of the lower court was based upon what we think to be an erroneous conception of the effect of parole. The judgment recites that the first sentence may now be modified by the Department and that service on the second sentence will commence at the time of such modification. A parole is not a modification of the sentence. The only provision known to our law for modification of a sentence is the power conferred on the Governor by Section 77 of the Constitution to commute, reprieve, or pardon. The rule is stated in 39 Am.Jur., page 572, section 82, as follows:

"A parole does not vacate the sentence imposed, but merely suspends the execution of the penalty, and temporarily releases the convict from imprisonment on conditions which he is at liberty to accept or reject. Although the prisoner is conditionally released, the sentence is not set aside, nor is the offense expiated."

We do not think it is improper to observe that the construction which we have indicated has been reached reluctantly because of a deep conviction that there ought to be some distinction in parole eligibility between a prisoner who has murdered once and one who has deliberately taken more than one life. We have searched in vain for some means of justifying such a distinction under the provisions of the statute. We have no power to legislate on the subject or read into the statute a meaning which we are unable to discern in order to accomplish the de-

sired result. The matter of correcting the statute or more clearly expressing its meaning is exclusively within the province of the legislative authority.

■ The statute involved does nothing more than authorize consideration of an application for parole. KRS 439.120 confers full discretion on the Department to refuse the application. We are not concerned here with whether or not appellant is a fit subject for parole. He may or may not be a good risk for rehabilitation. That matter is left to the sound discretion of the Department, and in granting or refusing parole, it may, among other things, take into consideration that appellant has been convicted and sentenced on more than one charge of willful murder.

The judgment of the lower court is reversed with direction to enter a judgment in conformity with this opinion.