## CLARK v. COMMONWEALTH et al.

Court of Appeals of Kentucky.

June 19, 1953.

Otis T. Clark, pro se., Eddyville.

J. D. Buckman, Jr., Atty. Gen., and W. Owen Keller, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

This appeal is prosecuted by Otis Clark from a judgment of the Marshall Circuit Court which denied him a writ of coram nobis. Clark, who evidently is not a lawyer, attempted to represent himself in seeking to be released from prison on this rather technical writ, and, as may be expected, we are presented with a conglomerate and unintelligible record.

A paper which the pleader intended as his petition shows Clark was convicted in 1948 in the Marshall Circuit Court on three indictments which charged him with passing on three different occasions "cold" checks for more than $20. His punishment was fixed at confinement in the penitentiary for two years on each conviction but he was probated on all three convictions. Clark violated the terms of his probation and was sent to a federal prison in 1949 for two years. Upon being released therefrom, Clark's probation was revoked and he was

sentenced to three terms of two years each in the Eddyville penitentiary.

The petitioner seeks coram nobis on the ground that he should be permitted to serve his three terms concurrently as the judgment sentencing him did not specify that the terms were to be served consecutively. In the very recent case of Wooden v. Goheen, Ky., 255 S.W.2d 1000, we held that under § 288 of the Criminal Code of Practice separate judgments of conviction must be served consecutively.

This court has said in several cases that coram nobis would lie to obtain a new trial because of conditions for which the applicant was not responsible and which made the record in which the judgment was rendered appear regular and in conformity with law, when the real facts as presented in the application for the writ rendered the original trial tantamount to none at all, and to enforce the judgment would be an absolute denial of justice. Elliott v. Com., 292 Ky. 614, 167 S.W.2d 703, and authorities therein cited. The petition in the record before us does not aver any facts showing any irregularity in the trial, much less a hidden mistake of facts in appellant's trial which could not have been discovered by due diligence in time to have been presented to the court which tried him. Duff v. Com., 296 Ky. 689, 178 S.W.2d 191; Spears v. Com., Ky., 253 S.W.2d 570. Therefore, the trial judge did not err in sustaining a general demurrer to the petition and in denying the writ.

The judgment is affirmed.