## COMMONWEALTH v. SIRLES.

Court of Appeals of Kentucky.
June 19, 1953.

As Modified on Denial of Rehearing
April 16, 1954.

J. D. Buckman, Jr., Atty. Gen., and Jo. M. Ferguson, Asst. Atty. Gen., for appellant.

Earl Osborne, Benton, for appellee.

MILLIKEN, Justice.

Rex Sirles changed his plea to guilty on two indictments for dwelling house breaking, and received a two-year sentence on each indictment which he was assured would run concurrently. He was considered eligible for parole until our recent decision in Wooden v. Goheen, Ky., 255 S.W.2d 1000, in which we held that under Section 288 of the Criminal Code of Practice separate judgments of conviction must be served consecutively. The trial court granted him a writ of coram nobis and set aside his sentence of conviction upon the ground that Sirles' change of his plea from not guilty to guilty was induced by the unintentional misrepresentation by the Commonwealth that the sentences would run concurrently and not consecutively which—so far as layman Sirles was concerned—was a vital mistake of fact, hence reachable by coram nobis. The Commonwealth appealed.

We do not concur in this reasoning of the trial court, but appreciate the sense of fair play which prompted it. Proceedings on coram nobis are essentially a civil action, summary in nature. Elliott v. Commonwealth, 292 Ky. 614, 620, 167 S.W.2d 703; State of Indiana ex. rel. Emmert v. Gentry, 223 Ind. 535, 62 N.E.2d 860, 161 A.L.R. 532. The right to the writ is based on a mistake of fact. Walsh v. Tuggle, 303 Ky. 200, 197 S.W.2d 253; 49 C.J.S., Judgments, § 313; 31 Am.Jur. 325, Judgments, Section 806; for a review of coram nobis in Kentucky, see 39 Ky. L.J. 440 to 447. The error in the case at bar, if it be construed as a mistake of fact, is a mistake which does not bear on the question of guilt or innocence, and hence the enforcement of the judgment sentencing Sirles would not be a denial of justice. Clark v. Commonwealth, Ky., 259 S.W. 2d 446. However, our denial of the writ on technical grounds does not close the door to an appeal for executive clemency in case there has been any unintentional breach of faith upon the part of the Commonwealth as alleged in Sirles' petition.

The judgment is reversed.