## MORRIS v. COMMONWEALTH.

Court of Appeals of Kentucky.

May 14, 1954.

Albert Karnes, Paducah, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

COMBS, Justice.

The appellant, Morris, was tried on separate indictments for two offenses of armed robbery. He pleaded guilty to each indictment and a jury in each case fixed his punishment at life imprisonment. The court entered an order on the first indictment in accordance with the jury's verdict sentencing appellant to life imprisonment, the sentence being in the usual stereotyped form. On the second indictment, appellant was sentenced to a second term of life imprisonment, the order providing that the sentence shall commence when appellant is released from service of confinement under the first sentence.

It is contended by appellant on this appeal that it was error for the court to include in the second judgment the provision that the sentence shall not commence until appellant is released from service under the first sentence. The case of Wooden v. Goheen, Ky., 255 S.W.2d 1000, is cited as authority for the contention.

We do not regard Wooden v. Goheen as controlling. The issue in that case was the eligibility of a prisoner for parole. The power of the trial court to impose successive sentences was not involved and was not discussed. It was held in that case that Wooden, who was confined under two life sentences, to be served consecutively, was eligible for parole after the expiration of eight years; but there is nothing in that opinion which even suggests that a trial court, in imposing two life sentences on the same defendant, may not direct that the sentences shall be served consecutively. The sentencing of persons convicted of crime and the parole of prisoners from confinement are separate and distinct functions of government. The first is a judicial function; the latter is a prerogative of the executive department. In order for the parole system to be effective the sentence imposed by the court should be commensurate with the crime, without regard to the possibility of parole. After the sentence is imposed it is the responsibility of the executive department to determine when and if the prisoner should be released from confinement on parole.

Section 288 of the Criminal Code of Practice specifically provides that when a defendant is convicted of two or more offenses and sentenced to confinement on each offense, the judgment shall be so rendered that the confinement in one case shall commence after the termination of the prior confinement. Certainly there is nothing in the Wooden v. Goheen opinion from which it can be inferred that the court intended to depart from its previous construction of that section of the Criminal Code of Practice. It should be noted in this connection that Section 288 was amended by the 1954 Legislature so as to require the court in sentencing a defendant to two or more terms of confinement to state in the judgment whether the sentences are to be served consecutively or concurrently; and in the absence of such a statement it will be presumed that the sentences are to be served concurrently.

The judgment is affirmed.