Clyde GREEN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 17, 1958.

Rodes K. Myers, George B. Boston, Bowling Green, for appellant.

Jo M. Ferguson, Atty. Gen., John Browning, Asst. Atty. Gen., Ordie Irwin, Commonwealth's Atty., Elizabethtown, Alle P. Cubbage, Leitchfield, L. A. Faurest, Jr., Elizabethtown, for appellee.

BIRD, Judge.

In 1926, the appellant, Clyde Green, was convicted of manslaughter in the Warren Circuit Court and sentenced to twenty-one years in the penitentiary, a portion of which he served before commutation parole, restoration and pardon.

In 1954, he was again convicted of manslaughter in the Hardin Circuit Court and sentenced to forty-two years in the penitentiary, the augmented penalty being provided by KRS 431.190 for his second manslaughter conviction. He appealed to this Court and the judgment was affirmed. Green v. Commonwealth, Ky., 281 S.W.2d 637. He filed a petition for rehearing which was overruled. He then filed a "Petition for Writ of Coram Nobis" in the Hardin Circuit Court wherein he, upon divers grounds, asked that the verdict of the jury and the judgment thereon be vacated, and that he be granted a new trial. The writ of coram nobis having been abolished, the petition was amended and the action was properly treated as one instituted under CR 60.02, by which "relief, and it may be granted only upon recognized and limited coram nobis principles". Harris v. Commonwealth, Ky., 296 S.W.2d 700, 702. This appeal is taken from the judgment

denying relief under CR 60.02 (Coram Nobis).

■ In the Harris case it was said:

"In its early American history coram nobis was 'seized upon as a means of reviewing the intrinsic fairness of a trial in criminal proceedings.' Frank, Coram Nobis, page 4. With respect to relief from a criminal judgment, the remedy was available to obtain a new trial on a showing of conditions which established that the original trial was tantamount to none at all because a miscarriage of justice had effectually deprived the defendant of life, liberty or property without due process of law. * * * It is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after the rendition of the judgment without fault of the party seeking relief."

This Court in Jones v. Commonwealth, 269 Ky. 779, 108 S.W.2d 816, 817, phrased the rule a little differently and said:

"Its purpose was to obtain a new trial because of conditions for which the applicant was in no wise responsible and which made the record in which the complained of judgment was rendered appear regular, proper, and in conformity with law, but which the real facts, as later presented on application for the writ, rendered the original trial tantamount to none at all, and when to enforce the judgment as rendered would be an absolute denial of justice and analogous to the taking of life or property without due process of law."

■ This Court in the Jones case also followed the rule of applying the writ of coram nobis to correct errors of fact only and not errors of law. This rule continues to be the law of the Commonwealth. This Court has thus succinctly stated the cardinal rules and principles upon which coram nobis relief is warranted. In the light of these rules and principles we have considered petitioner's every ground of complaint as presented to the court below.

■ It may well be noted here that we have also considered one fact not before the trial court in either this or the original action. This was an executive order signed by the Governor of Kentucky on July 26, 1937, wherein it recites that the petitioner's first sentence was commuted from twenty-one to eight years. This came to our attention in form of an exhibit attached to a supplemental brief. Insofar as the record discloses, this exhibit was never presented to the trial judge. Doubtlessly the existence of this document was within the knowledge of the petitioner at the time he was tried on the second offense. If this document were of benefit to the petitioner he could have, with the exercise of due diligence produced it at his trial. The petitioner was not therefore without fault in failing to disclose the document, and its benefits, if any, are not available to him in this proceeding. Harris v. Commonwealth; Jones v. Commonwealth, supra.

■ Petitioner's principal complaints are: (1) He was not present at all times when his jury was being selected and he especially complains of not being in the court room when the last jurors were chosen and the jury accepted; (2) He complains of the instructions and particularly the double penalty instruction; (3) He complains that the jury did not understand the instructions and that some of the jurors were biased; and, (4) He complains generally that he was deprived of his constitutional right to due process of law. We find, however, that after his conviction all of these complaints appeared in his motion and grounds for a new trial and were available to him on the original appeal. The law of this state does not, in coram nobis proceedings, require a review of matters previously available to the accused on appeal.

We have not undertaken to write specifically on each point. We think it suffices to say that the various points have been ably presented to this Court and that

we have measured each contention by the rules previously quoted. We recognize that to establish a rule whereby the intrinsic fairness of a trial can be measured with undeniable accuracy would indeed be a millennial judicial achievement. The time is not yet here and we must be content to be governed by rules ever subject to the errors of human judgment, but yet purposed to do substantial justice for those who seek relief.

Being so governed it is our conclusion that the judgment of the trial court should be and is affirmed.