Steve GEORGE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 29, 1961.

P. H. Vincent, Ashland, for appellant.

John B. Breckinridge, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, Steve George, was adjudged guilty of rape and sentenced to twenty years' imprisonment at the June term, 1958, of the Boyd Circuit Court. This is an action by George for an order of coram nobis, or vobis, as it is indiscriminately called, to set aside that judgment and grant him a new trial. The court denied the order.

Other than some conclusions pleaded, the grounds upon which the relief was sought, supported by affidavits and court records, are as follows:

(1) The appellant had been induced to plead guilty to the indictment upon the promise of the Commonwealth's Attorney to recommend to the jury a sentence of five years' imprisonment. Such recommendation was made, but the jury disregarded it and imposed the penalty of twenty years' imprisonment.

(2) Three other men were indicted with him, and at a later term of court on pleas of guilty to a lesser degree of the crime charged they were only fined $500 each.

(3) The defendant was tried and convicted at the same term on a charge of robbery and sentenced to seven years' imprisonment. In the present complaint he alleges that five members of that jury had sat on the jury which fixed his punishment on the rape charge, and because of their previous service they were disqualified and were prejudiced against him.

(4) The petitioner charged that part of the agreement between his counsel, himself and the Commonwealth's Attorney was that the sentences for robbery and rape would be served concurrently. The Commonwealth's Attorney denied there was such an agreement, but the judgment recites that the two sentences shall run concurrently.

Appellant argues that because of the foregoing proceedings in the criminal case, he was "overreached and deceived" and did not have a fair and impartial trial. The defendant was represented throughout by counsel. It does not appear that the defendant sought a new trial of either prosecution by motion. The record recites that when he was sentenced and asked by the court if he had any legal cause to show why judgment should not be pronounced against him, none was shown.

■■ The remedy invoked in this case is manifestly not available. A coram nobis proceeding is a method of obtaining a review of a judgment for the purpose of correcting errors of fact which bear on the question of guilt or innocence of a party, i. e., upon the revelation of certain facts which were unknown to the party seeking relief or which he could not have discovered by reasonable diligence at the time, and which if known would have prevented the rendition of the judgment. This has been often declared. Among our many cases are Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48; Commonwealth v. Sirles, Ky., 267 S.W.2d 66; Harris v. Commonwealth, Ky., 296 S.W.2d 700; Green v. Commonwealth, Ky., 309 S.W.2d 178.

The judgment is affirmed.