**Paul J. PRYOR, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 12, 1965.

Paul J. Pryor, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

This is an RCr 11.42 petition to vacate a judgment of the Hopkins Circuit Court. The petition was dismissed without a hearing by the Hopkins Circuit Court and comes before this Court on its merits. The appellant has been before this Court on two previous occasions for post-conviction review of this judgment. See Pryor v. Thomas, Ky., 361 S.W.2d 279, and Pryor v. Thomas, Ky., 377 S.W.2d 156. In the latter case this Court dismissed appellant's habeas corpus petition on the ground that there was no showing that his remedy by motion under RCr 11.42 was inadequate.

Pryor was indicted on two separate indictments for malicious shooting and wounding with intent to kill—indictments Nos. 6213 and 6214. On the same day he was indicted for murder on indictment No. 6215. Appellant, on February 13, 1962, was tried by a jury on the murder indictment and found guilty. The jury recommended a life sentence. On February 16, 1962, Pryor pleaded guilty to the two remaining indictments. The judgment recited that the sentences on indictments Nos. 6213 and 6214 were to be served consecutively and that the life sentence was to be consecutive to the former.

Appellant's only ground for reversal on this appeal is his contention that the life sentence should begin before the other two sentences because he was tried first for murder. Appellant apparently bases his objection on the belief that the order of the sentences will cause a delay in the time in which he becomes eligible for parole. This must be his only reason for objecting to the reverse order of sentencing because if he serves a full life sentence there can be no additional time of confinement. This Court has recognized the obvious fact that a person can serve only one full life sentence.

Section 288 of the old criminal code required that when a defendant is convicted of two or more offenses a judgment should be rendered so that the punishment in one case shall commence after the termination of the other. In Wooden v. Goheen, Ky., 255 S.W.2d 1000, it was held that when a prisoner is sentenced to serve two consecutive life sentences in the penitentiary he is entitled to be considered for parole after 8 years' confinement. Later, in Morris v. Commonwealth, Ky., 268 S.W.2d 427, it was held that the Goheen case did not prohibit the court from sentencing a defendant, who is convicted of two or more offenses, to confinement on each offense and providing in the judgment that the confinement in one case shall commence after the termination of the prior confinement. In the same year, 1954, Section 288 was amended to create a presumption of concurrency of sentences if

the judgment failed to state whether multiple convictions should be served concurrently or consecutively.

Our present rule, RCr 11.04, provides "If two or more sentences are imposed, the judgment shall state whether they are to be served concurrently or consecutively." The presumption under the act of 1954 is omitted and it is required that the judgment state the manner in which sentences will be served. In any event the sequence of the terms is no longer of any practical importance.

Formerly under KRS 439.110 a prisoner was required to serve a term of years before he could apply or was eligible for parole. For instance, persons convicted for life or persons sentenced for more than 21 years could not apply for parole until 8 years had elapsed. However, in 1962 the legislature repealed that section and substituted an entirely new procedure. Under KRS 439.340 vast authority is vested in the board to grant parole and the statute requires no mandatory service before a person confined in the penitentiary is eligible for parole.

The judgment is therefore affirmed.