Dandra Denise GOBER, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2001–CA–001649–MR.

Court of Appeals of Kentucky.

June 21, 2002.

Marguerite Neill Thomas, Frankfort, KY, for appellant.

Albert B. Chandler III, Attorney General of Kentucky, Wm. Robert Long, Jr., Assistant Attorney General, Frankfort, KY, for appellee.

Before EMBERTON, GUIDUGLI and MILLER, Judges.

*OPINION*

MILLER, Judge.

Dandra Gober brings this appeal from a June 27, 2001 order of the Jefferson Circuit Court.  We reverse and remand.

The facts are these: In May 1991, the Jefferson County Grand Jury returned an indictment against appellant charging her with one count of capital murder. Kentucky Revised Statutes (KRS) 507.020. It appears that appellant stabbed her boyfriend, one John Blevins, with a steak knife. Blevins died from massive internal bleeding. A jury trial ensued. Appellant claimed to have acted in self-defense. There was also evidence she was a victim of domestic violence. The jury, nevertheless, found appellant guilty of wanton murder, and recommended a sentence of forty-five years' imprisonment. On March 27, 1992, the circuit court sentenced appellant accordingly.[1] Appellant's conviction was affirmed on direct appeal to the Kentucky Supreme Court in Appeal No. 1992–SC–000299–MR.

At the time of sentencing in March 1992, appellant was considered a violent offender under KRS 439.3401, and thus required to serve 50% of her forty-five year sentence. In July 1992, the legislature amended KRS 439.3401 to *exclude* victims of domestic violence from this harsh parole requirement. The legislature also enacted KRS 439.3402 at this time.

On May 15, 2001, appellant filed a motion pursuant to KRS 439.3402. Therein, appellant claimed to have been a victim of domestic violence, and, thus, should be exempt from the 50% parole eligibility requirement of KRS 439.3401. The Jefferson Circuit Court denied appellant's motion, and specifically concluded that "this court does not have jurisdiction to modify the sentence or make additional findings." This appeal follows.

Appellant contends the circuit court committed error by denying her mo-

tion under KRS 439.3402. Specifically, appellant asserts that the court should have held an evidentiary hearing to determine whether she had been a victim of domestic violence under KRS 533.060, thus exempting her from the 50% parole eligibility requirements of KRS 439.3401.

Resolution of this appeal rests upon interpretation of KRS 439.3401 and 439.3402. Effective July 14, 1992, KRS 439.3401 was amended by addition of subsection 4:[2]

This *section shall not apply to a person who has been determined by a court to have been a victim of domestic violence or abuse pursuant to KRS 533.060 with regard to the offenses involving the death of the victim or serious physical injury to the victim.* The provisions of this subsection shall not extend to rape in the first degree or sodomy in the first degree by the defendant. (Emphasis added).

Before this amendment, KRS 439.3401, of course, required a violent offender to serve at least 50% of the imposed sentence regardless of whether that offender was a victim of domestic violence. By amendment in 1992, the legislature clearly signaled its intention that the provisions of KRS 439.3401 not apply to a victim of domestic violence.

Concomitant to the amendment of KRS 439.3401, our legislature enacted KRS 439.3402. This statute clearly springs from the legislative amendment of KRS 439.3401 and serves as a supplement thereto. KRS 439.3402 provides in pertinent part as follows:

(1) *Any violent offender as defined in KRS 439.3401 who was convicted prior to July 14, 1992, who claims to come*

---

1. This judgment was amended on April 22, 1992 to correct a clerical error.

2. We observe Kentucky Revised Statutes 439.3401 was later amended, and that subsection 4 was renumbered subsection 5 effective July 14, 2000.

*within the definitions of KRS 503.050 and 533.060 and the purview of this section as the victim of domestic violence and abuse may be exempt from KRS 439.3401 under the conditions set forth in this section.* (Emphasis added).

(2)(a) *The offender shall file a motion in the Circuit Court in which the offender was convicted stating the facts which qualify the offender for exemption under this section.* (Emphasis added).

. . . .

(3)(a) The Commonwealth shall respond to the motion within twenty (20) days after the motion was filed.

. . . .

(4) The Circuit Court shall hold any evidentiary hearing within thirty (30) days after the Commonwealth's response was filed, or if the Commonwealth did not respond, within sixty (60) days.

. . . .

(7) Only one (1) motion under this section may be filed by the same offender regarding the same conviction.

(8) *The effect of granting a motion under this section is to remove the status as a violent offender for the offense for which the motion was filed and permit the offender to be eligible for parole in the manner specified in KRS 439.340.* (Emphasis added).

By its terms, KRS 439.3402 gives KRS 439.3401(4) unlimited retroactive application and sets forth the specific procedures for relief. Its language is clear and unambiguous. Under KRS 439.3402, *any person* adjudicated a violent offender under KRS 439.3401 before July 14, 1992 may petition the circuit court for reconsideration of that status. The circuit court is

then empowered to determine whether such offender is a victim of domestic violence, and, thus, exempt from the parole requirements of KRS 439.3401. A motion under KRS 439.3402 has no time limitation and may be filed with the circuit court at any time after conviction. We observe, however, that only one motion may be filed "by the same offender regarding the same conviction." KRS 439.3402(7).

■ The circuit court and the Commonwealth question the court's "continuing jurisdiction" to review the status of violent offender under KRS 439.3402. The Commonwealth specifically alleges that KRS 439.3402 is unconstitutional as it fails to prescribe a reasonable time limitation upon the circuit court's "continuing jurisdiction." We are cited to *Commonwealth v. Williamson*, Ky., 492 S.W.2d 874 (1973) as authority. We, however, think *Williamson* inapposite.

■ In *Williamson*, the issue presented was whether KRS 439.265 (shock probation statute) unconstitutionally infringed upon the "pardon power" relegated to the executive branch under Section 77 of the Kentucky Constitution.[3] Under KRS 439.265, the circuit court is authorized to suspend "further execution of the sentence" by granting shock probation. The court literally frees the individual from the confines of imprisonment. Conversely, under KRS 439.3401 and KRS 439.3402, the circuit court only has authority to review the individual's violent offender status. The circuit court is not called upon to upset the judgment and suspend execution of the sentence; rather, the sentence remains intact and under prerogative of the executive branch, i.e., parole board. KRS 439.3402(8) specifically states that "[t]he

**3.** We observe that the sentencing of an individual convicted of a crime is a judicial function; however, the parole of such individual from imprisonment is generally an executive function. *See Morris v. Commonwealth*, Ky., 268 S.W.2d 427 (1954).

effect of granting a motion ... is to remove the status as a violent offender ... and permit the offender to be eligible for parole ... [under] KRS 439.340." As such, we are of the opinion that KRS 439.3401 and KRS 439.3402 do not infringe upon the pardon power of the executive branch.

In sum, we hold that appellant's motion under KRS 439.3402 was properly before the Jefferson Circuit Court. Upon remand, the circuit court shall hold an evidentiary hearing to determine whether appellant was a victim of domestic violence. If appellant is found to have been a victim of domestic violence, the court shall grant the motion made by appellant pursuant to KRS 439.3402 and enter all appropriate orders.

For the foregoing reasons, the order of the Jefferson Circuit Court is reversed and this case is remanded for proceedings consistent with this opinion.

ALL CONCUR.