RENDERED: MAY 5, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0193-MR

ANTONIO ELLISON APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 09-CR-003445

COMMONWEALTH OF KENTUCKY APPELLEE

AND

NO. 2021-CA-0894-MR

ANTONIO ELLISON APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.      HONORABLE CHARLES L. CUNNINGHAM, JR., JUDGE
ACTION NO. 09-CR-003445

COMMONWEALTH OF KENTUCKY APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND ECKERLE, JUDGES.

EASTON, JUDGE:  The Appellant ("Ellison"), *pro se*, asks this Court to reverse the denial of his CR[1] 60.02 and related motions.  Because the arguments raised were or could have been raised in prior proceedings or have no merit, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Ellison of complicity in the murder of Ricco Cunningham, who was shot twice in the face.  At his trial, Ellison unsuccessfully claimed self-defense.  Ellison asserted multiple errors on his direct appeal to the Kentucky Supreme Court, including a double jeopardy argument based upon an initial mistrial before the later, completed jury trial.  The Kentucky Supreme Court affirmed.  *Ellison v. Commonwealth*, No. 2013-SC-000518-MR, 2014 WL 7238821 (Ky. Dec. 18, 2014).

Ellison filed an RCr[2] 11.42 motion contending his attorney had provided ineffective assistance of counsel in consenting to the first mistrial thus waiving a double jeopardy claim.  The circuit court denied this motion, and this Court affirmed, finding no merit in the contention.  *Ellison v. Commonwealth*, No. 2016-CA-000393-MR, 2017 WL 1829717 (Ky. App. May 5, 2017).

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Rules of Criminal Procedure.

Ellison then revisited his concerns, including the denial of his prior RCr 11.42 motion, by way of a habeas corpus petition in federal court. The United States District Court denied Ellison's petition, specifically commenting Ellison's attorney made no error in waiving double jeopardy when the mistrial occurred. *Ellison v. Litteral*, No. 3:18-cv-00223-GNS-RSE, 2019 WL 4794756 (W.D. Ky. May 2, 2019). The federal district court denied a certificate of appealability noting "none of the grounds raised by Ellison could be debated by reasonable jurists." *Id.* at *9.

Now Ellison seeks relief pursuant to CR 60.02. His initial CR 60.02 motion claims perjury at the direction of the prosecutor when police detectives testified at a suppression hearing on July 13, 2010. After denial of this motion, Ellison discovered an offhand comment by the trial judge at the conclusion of this suppression hearing. Based on this comment, Ellison sought the disqualification, both prospectively and retroactively, of the circuit court judge. The Chief Justice of Kentucky denied this request, reserving Ellison's right to seek this appellate review of that question. Ellison filed two appeals, one of the denial of the CR 60.02 motion on its merits, and the other on the disqualification issue. We have consolidated these cases for the purpose of this single Opinion.

STANDARD OF REVIEW

When a judge does not disqualify himself, we review that decision *de novo*. *Abbott, Inc. v. Guirguis*, 626 S.W.3d 475, 484 (Ky. 2021). We must independently evaluate whether the circumstances required disqualification. With respect to the CR 60.02 motion, we review a denial of such a motion for an abuse of discretion. *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

ANALYSIS

"The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and complete. That structure is set out in the rules related to direct appeals, in RCr 11.42, and thereafter in CR 60.02." *Gross, supra*, at 856 (emphasis in the original). To obtain "this special, extraordinary relief[,]" a defendant must demonstrate this entitlement and is not entitled automatically to an evidentiary hearing. *Id.*

CR 60.02 is the modern version of the common law writ of *coram nobis*. *Gross*, *supra*. This ancient remedy had a limited application:

> [T]he remedy was available to obtain a new trial on a
> showing of conditions which established that the original

-4-

trial was tantamount to none at all because a miscarriage of justice had effectually deprived the defendant of life, liberty or property without due process of law. . . . It is an extraordinary and residual remedy to correct or vacate a judgment upon facts or grounds, not appearing on the face of the record and not available by appeal or otherwise, which were discovered after the rendition of the judgment without fault of the party seeking relief.

*Green v. Commonwealth*, 309 S.W.2d 178, 180 (Ky. 1958). The standard for relief under CR 60.02 remains the same. *See Wilson v. Commonwealth*, 403 S.W.2d 710, 712 (Ky. 1966).

To obtain an order for relief under CR 60.02, "a very substantial showing to merit relief" must be made. *Ringo v. Commonwealth*, 455 S.W.2d 49, 50 (Ky. 1970). "The Kentucky Supreme Court has warned that because of the desirability of according finality to judgments, CR 60.02(f) must be invoked only with extreme caution, and only under most unusual circumstances." *Commonwealth v. Bustamonte*, 140 S.W.3d 581, 584 (Ky. App. 2004) (citing *Cawood v. Cawood*, 329 S.W.2d 569 (Ky. 1959)). A CR 60.02 motion may not be used to relitigate issues which "were or could have been litigated" in prior proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997).

We will first consider the disqualification issue. This complaint is premised upon eight seconds of conversation between the judge and the prosecutor after the suppression hearing on July 13, 2010. These eight seconds were just after

Ellison and his attorney had left the courtroom. During the preceding hearing, the defendants' counsel had implied improper conduct by the prosecutor in calling a second witness to contradict his first witness.

This provides the context of the judge's comment. The judge said to the prosecutor: "Well next time somebody accuses you of coaching your witnesses, you tell them to come see me." The prosecutor reacted to this comment as humor before adding "I save that for trial." (July 13, 2010, Hearing at 12:33:56-12:34:04.)

In a written order, the judge denied the disqualification motion and reconsideration of the prior denial of the CR 60.02 motion. In this final order, the judge commented about the "coaching" statement: "It was not meant to condone that lawyer's alleged misconduct (coaching witnesses to lie) but rather to acknowledge that this was a world-class failure if he actually attempted to do so (and more importantly there is really no evidence he tried to do so)."

First, we note the *ex parte* comments by the judge and the prosecutor should not have been made. But to translate the judge's comment as substantive proof of prejudice or bias against Ellison is more than a stretch. We have looked again at the case and find no evidence of any actual bias or prejudice by the trial judge toward Ellison. Just as one example, we note the judge *sua sponte* gave an admonition to make sure the jury did not misuse certain damaging bad acts or

character evidence against Ellison. Ellison complained of this proper evidentiary admonition on his direct appeal. No reasonable, objective person who reviews this record would conclude this single off-handed comment, when considered with the trial judge's other conduct during the case, required disqualification under KRS[3] 26A.015(2).

We must also address the timeliness of the CR 60.02 motion, including the related disqualification claim. CR 60.02 contains one-year time limitations for certain issues, but motions on all other issues must be filed within a "reasonable time." The pendency of Ellison's federal court case did not prevent raising a CR 60.02 motion in state court. *See Young v. Richardson*, 267 S.W.3d 690, 695 (Ky. App. 2008) (CR 60.02 motion may be made even during appeal of same case). The complaint about the judge was made well over ten years after the event. Ellison says the comment was not on a recording of the hearing he had reviewed before. If so, it was still not reasonable to wait over ten years before finding this information.

Our review of the record shows the prosecutor mentioned the ex parte comment on the record at a later hearing on December 21, 2010, when the suppression issue was revisited. This later comment also lasted for eight seconds and was in the presence of Ellison and his attorney. The prosecutor said to the

---

[3] Kentucky Revised Statutes.

judge: "You said no one can accuse you of prepping your witnesses or conforming their . . . taking a tack and going with it." (December 21, 2010, Hearing at 11:06:01-11:06:09.)

Finding the disqualification complaint is untimely and without merit, we next look at the argument about the substance of the suppression hearing on July 13, 2010. Ellison now says the prosecutor suborned perjury from the second officer called as a witness. Clearly, this complaint could have been raised in prior proceedings, such as the direct appeal, the RCr 11.42 motion, or even the habeas corpus petition.

To avoid the untimeliness of his motion, Ellison relies upon *Commonwealth v. Spalding*, 991 S.W.2d 651 (Ky. 1999). This case permits relief under CR 60.02(f) when a defendant can show perjury by a witness at trial which the prosecutor did not correct. In such circumstances, the one-year time limit generally relating to perjury does not bar the motion. *Id.* at 655.

*Spalding* did not excuse the reasonable time requirement for CR 60.02 motions. Aside from the prior opportunities to argue this point, waiting more than ten years to make this claim is not a claim made within a reasonable time. We find no merit in the argument even if it had been timely made.

Ellison believes the prosecutor was not satisfied with the testimony of the first police officer ("Banks") who testified about having been shown a single

photograph of Ellison. Before calling the second officer ("Lesher"), the record shows the prosecutor talking with Lesher before calling him as a witness. Separation of witnesses is not required for suppression hearings. KRE[4] 1101(d)(1). The second officer then says he showed Banks two photographs.

Ellison assumes perjury by the second officer to somehow support the validity of the first officer's identification. Ellison offers no actual evidence of this beyond his assumption. One could just as easily assume the prosecutor was simply presenting all available evidence even though the memories of the officers were different. This second assumption is more in line with the judge's comment at the end of the hearing.

Even if there had been any merit in Ellison's assumption, he cannot show actual prejudice to his case. Ellison says he had to change his trial tactic to self-defense rather than claim he was not at the scene of the crime. Incredibly, Ellison says he made this choice with reliance on the direction of his attorney to lie on the stand about self-defense.

To further support his resurrected claim of not being at the scene of the shooting, Ellison provided an affidavit of a friend signed over ten years after the events. This affidavit explains the presence of Ellison's clothes in the car at the scene was because this friend had given Ellison a ride earlier when Ellison had left

---

[4] Kentucky Rules of Evidence.

his girlfriend's place after an argument.  Ellison had just thrown some clothes in the back of the car.  Two days later, before Ellison had a chance to retrieve these clothes, the car was stolen by the friend's boyfriend.  This belated witness admits she identified the car at the scene of the murder but refused to claim it had been stolen when told she would need to do so.

One problem with any claim of prejudice to Ellison's case from the Lesher testimony is that it completely ignores all other evidence of identification of Ellison other than by Banks, such as the identification by a florist in the vicinity.  If we ignore other identification evidence, an even bigger problem is that the identification by Banks was valid even if Lesher had lied (of which there is no evidence) or was mistaken in his testimony.

Identification by a police officer is not the same as suggestive identifications by other witnesses.  *Mason v. Braithwaite*, 432 U.S. 98, 112, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977).  If Banks alone had testified at the suppression hearing, his identification would still have been admissible.  The circuit court commented on this during the argument on the first CR 60.02 motion on March 5, 2021.

We cannot discern whether the actual photograph or photographs used for identification by Banks were made part of the record.  According to information in the record, such photographs were pulled from a digital database of

mug shots. Even so, Ellison was free to question all the circumstances of Banks' identification during the trial, including the lack of any current availability of the supposed photograph, the inconsistency between the two officers about the number of photographs used, or other impeachment of the officers by what they said or did at the suppression hearing. Ellison can show no actual harm to his case from the circumstances of the suppression hearing.

## CONCLUSION

The presiding judge was not required to disqualify himself from presiding in this case. Ellison cannot show the required substantial and compelling basis for the rare and extraordinary relief permitted by CR 60.02. The Jefferson Circuit Court did not abuse its discretion in denying CR 60.02 relief. We AFFIRM the Jefferson Circuit Court on both appeals.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Antonio Ellison, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Attorney General
Frankfort, Kentucky